CINTRÓN, DEMANDANTE Y APELADO, *v.* CAMPS,
DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en pleito sobre indemnización de daños y perjuicios.

No. 2431.—Resuelto en diciembre 19, 1921.

CUMPLIMIENTO DE CONTRATO—DAÑOS Y PERJUICIOS—APRECIACIÓN DE PRUEBAS.—
Examinada la evidencia que se relaciona en la opinión en este caso, *se resol-
vió:* que no cometió error la corte al apreciarla en el sentido de que el
contrato de compraventa cuyo incumplimiento dió origen a la reclamación no
quedó subordinado a la condición de que el demandante redimiera las fincas,
según alega la demandada.

Los hechos están expresados en la opinión.
Abogado del apelado: *Sr. J. Alemañy Sosa.*
Abogados de la apelante: *Sres. G. Casta Fornés y Huyke
& Quiñones.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

En este pleito reclama el demandante el pago de $1,530.50
como daños y perjuicios que alega haber sufrido como con-
secuencia de no haber cumplido la demandada un contrato
de compraventa que con él tenía celebrado. La sentencia de
la corte inferior condenó a la demandada a pagar la cantidad
de $1,453.50 y como en el recurso de apelación que contra
ella se ha interpuesto por la demandada alega solamente
errores en cuanto a la apreciación de la prueba documental
y de la testifical en lo concerniente a las condiciones del con-
trato de compraventa, base de la reclamación, nos limitare-
mos a exponer los hechos de las alegaciones y las pruebas
en cuanto a estos particulares.

Se alega en la demanda que por el mes de diciembre de
1918 el demandante y la demandada celebraron un contrato
de compraventa por el cual el primero compró a la segunda
y ésta le vendió dos fincas rústicas, una de 33 cuerdas de
terreno y la otra de una cuerda, por precio de $500 de los
cuales el demandante le entregaría $100 al otorgarse la es-

critura, $200 en 30 de diciembre de 1919 y los otros $200 en igual día y mes de 1920; que la demandada se comprometió a redimir las fincas que habían sido vendidas para el pago de contribuciones y a otorgarle inmediatamente después de dicha redención la correspondiente escritura pública a favor del demandante, en cumplimiento del contrato celebrado; que después de la celebración del contrato el demandante abonó $33.50 en diversas partidas a la demandada, quien los recibió y aceptó a cuenta del precio de las fincas; que en julio de 1919 la demandada las redimió siendo requerida inmediatamente por el demandante para que le otorgara el título de compraventa celebrado y que la demandada en violación del convenio no sólo se negó a efectuar dicho otorgamiento sino que para privar al demandante de los beneficios de las fincas las vendió a otras personas.

Con respecto a esas alegaciones contestó la demandada negando que el contrato se celebrara en las condiciones expresadas por el demandante pero admitiendo que en diciembre de 1918 convino en vender al demandante las expresadas fincas siempre que el demandante cumpliera de un modo previo las siguientes condiciones: pagar los derechos judiciales, notariales, honorarios de abogado y demás que hubieran que hacer hasta obtener la aprobación judicial de la escritura de partición de los bienes de Luis Ortega Sánchez y pagar asimismo lo que se debiera por la redención de dichas fincas y una vez redimidas acordar las condiciones de la venta que hubiera de efectuarse; negó que se comprometiera la demandada a redimir las fincas pues por el contrario el convenio de vender quedaba sujeto a la previa condición de que el demandante las redimiera; admitió haber recibido del demandante $33.50 pero negó que fueran como parte del primer plazo según alega el demandante, exponiendo que los adelantó para cubrir ciertos gastos judiciales y necesarios para la redención de las fincas; admite que ella hizo la redención pero niega que inmediatamente fuera requerida por

el demandante para que le otorgara la escritura de venta; niega que violara contrato alguno con el demandante y que vendiera las fincas para perjudicarle, alegando que si las vendió a otras personas fué para pagarles el dinero que les facilitaron para la redención.

La única cuestión en controversia entre las partes ha sido y es con respecto a los términos en que el contrato fué celebrado y aunque la sentencia condenatoria de la corte inferior presupone que el contrato se celebró en los términos alegados por el demandante, en este caso el juez de la corte inferior escribió una opinión la que, en cuanto a dicha controversia, declara probado el contrato en los mismos términos alegados por el demandante. Sin embargo, como fundamento de este recurso sostiene la demandada que la corte inferior cometió error: primero, al apreciar la prueba documental; segundo, al apreciar la prueba testifical.

Para fundamentar el primer motivo de error relaciona la apelante ciertos documentos y después por toda argumentación dice que es error el considerar la evidencia de esos documentos como favorable al demandante pero que considerarla favorable después de conectada con las declaraciones de los testigos es un doble error.

Consideraremos el primer motivo de error aunque podríamos dejar de hacerlo porque la regla 42 de nuestro Reglamento dispone que la parte apelante en su alegato haga una exposición de los errores en que se funda el recurso y la sola enunciación de algún error sin argumentación, como se hace en este caso, no es hacer una exposición del error alegado.

Los documentos a que se refiere la parte apelante dicen así, según aparecen en la transcripción:

"*Mandato otorgado por doña María Camps a don José Cintrón.*— Yo, María Camps, mayor de edad, viuda, propietaria y vecina de Añasco, por el presente doy poder amplio, cumplido, bastante y cuanto por derecho se requiera y necesario sea para valer a don José

Cintrón, mayor de edad, casado, sub-marshal de la Corte de Distrito del Distrito Judicial de Mayagüez, para que en mi nombre y representación proceda a redimir y redima una finca de mi propiedad radicada en el barrio de Furnias, municipalidad de Las Marías, la que me fué adjudicada por la escritura de inventario, liquidación, tasación y partición de bienes relictos al fallecimiento de mi esposo don Luis Ortega y Sánchez, otorgada ante el notario don Gerónimo Casta Fornés a veinte y ocho de diciembre de mil novecientos diez y siete, siendo esta propiedad la del Rec. No. ——, Planilla No. —— según fué ofrecida en venta y vendida por el Colector de Rentas Internas de Las Marías para responder de las contribuciones. Y teniendo yo concertada con mi apoderado la venta de dicha finca, reconozco adeudar a éste el importe de todas las cantidades que desembolsare con sus intereses en tal redención, para ser descontadas al hacerse efectivo nuestro dicho negocio.

"En testimonio de lo cual, suscribo el presente en Añasco, a seis de mayo de mil novecientos diez y nueve. (Firmado) María Camps Vda. de Ortega. Testigos: J. V. Urrutia.—Alfonso Figueroa Traverro."

"Añasco, 5-6-19.—Sr. José Cintrón, Prte.—Estimado don Pepe: —Le envío el poder de doña María para la redención de la finca.

"El procedimiento es el siguiente: se hace el ofrecimiento de pago al comprador. Si éste se negase a recibirlo, se buscarán dos testigos. Si todavía no quisiese recibir el dinero, se presentará con los dos testigos al Reg. de la Prop., &

"Remítame con el portador $5.00 que aplicaremos al pago de parte de la escritura de venta y otros gastos.

"Cuanto antes terminemos ésto, más habrá de agradecérselo doña María.

"Caso de que el comprador recibiese el dinero, hará constar al dorso del certificado de venta que la propiedad ha sido redimida, y esta nota deberá ser firmada por el comprador o poseedor de dicho certificado, en presencia de notario.

"Su atto. s. s. (Fdo.) G. Casta Fornés."

"Oficinas Mayagüez & Añasco, P. R.—E. Ramírez Nadal, abogado.—Añasco, julio 7, 1919.—Sr. don José Cintrón, Mayagüez.— Estimado don Pepe:—Nos urge dejar terminado mañana el negocio de la finca de doña María Camps. Esta señora está impaciente por resolver ésto.

"Pienso que la manera más fácil es que el señor Díaz ceda, re-

nuncie y traspase en favor de doña María sus derechos en la compra
por el remate al respaldo del certificado, eludiendo así las dificul-
tades que se nos presentan para la redención con relación al regis-
tro.   Dueña doña María del total de la finca rematada por virtud
de la cesión de Díaz, ella le otorga a Ud. escritura de las 34 cuer-
das que le pertenecen, y del resto puede otorgarla, ya a favor de
dicho Sr. Díaz, ya a favor de Ud. si llegase a un entendido en su
compra.

"La cesión a favor de doña María deberá ser ante notario, y si
Ud. pudiese traer a Díaz a Añasco mañana, todo quedaría termi-
nado.

"Su affmo. amigo, (Fdo.) G. Casta Fornés."

Además de los documentos a que se refiere la parte ape-
lante, encontramos en los autos este otro documento:

"Julio 8 de 1919.—Sr. Lcdo. G. Casta Fornés, Añasco.—Esti-
mado amigo:—Debo manifestarle en contestación a su carta de ayer,
que la señora Ortega debe verse con el Sr. Díaz al efecto de la re-
dención de la finca que le he comprado, pues como esa finca está
unida a otra de Martir para los efectos de las contribuciones, resulta
ahora que la Sucesión Martir es la que tiene derecho al rescate de
la finca, por lo que creo que la señora Ortega debe verse con Díaz,
y si necesita el dinero para dicho rescate, entonces yo lo daré.

"Si resuelve ir a Las Marías, pase por aquí y yo iré con Uds., y
allí trataremos de arreglarlo todo, pues Díaz es buen amigo mío.

"Avíseme lo que resuelvan.—Suyo amigo S. S."

Si bien es cierto que de los documentos a que hace refe-
rencia el apelante aparece que la demandada confirió poder
al demandante en mayo de 1909 para que gestionara la re-
dención de las fincas en cuestión, ellos no prueban otra cosa
que la autorización concedida al demandante para redimir
las fincas pero no prueban por sí mismos que la autorización
fué concedida como consecuencia de la condición de redimir-
las el demandante para que la demandada viniera obligada
a venderle las fincas por lo que no han podido servir de obs-
táculo para que el juez estimara probado sin tal condición
el contrato de compraventa, y no fué error el no apreciarlos
como favorables a la demandada, que es a lo que equivale

decir que fueron erróneamente apreciados a favor del demandante. Y si esa prueba se relaciona con el otro documento que hemos transcrito y con las declaraciones de los testigos se ve también que no existe el doble error alegado, pues si el demandante estaba obligado por su convenio a redimir las fincas parece lo natural que al escribir en 7 de julio de 1919 al abogado de la demandada, quien intervino en el·contrato, que no habían dado resultados satisfactorios sus gestiones para la redención, no hubiera aceptado dicho abogado encargarse de tal redención, como declaró el demandante, extremo que fué contradicho por la demandada pero que fué decidido en contra de ésta por la corte inferior.

Con respecto al segundo motivo de error que se alega por la apelante referente a la apreciación de la prueba testifical, se limita a exponer que las declaraciones de Jaime Guiscafré, la de la propia demandante y la del abogado de la demandante no contradicen el contrato de compraventa entre el demandante y la demandada, antes bien lo corroboran, pero hacen saltar a la vista la condición de que el demandante debía redimir las fincas. Esas declaraciones son de testigos de la parte demandada y no de la demandante como por equivocación, sin duda, se consigna en el alegato, y aunque sostienen que la redención de las fincas por el demandante fué una condición de la venta por la demandada, sin embargo la prueba de la parte demandante resulta en sentido contrario en este particular, conflicto que fué resuelto por la corte inferior haciendo la declaración de que se probó que "corría por cuenta de la vendedora el redimir dichas fincas, para inmediatamente después otorgar la correspondiente escritura al comprador Sr. Cintrón," y como no se alega pasión, prejuicio o· parcialidad en la decisión de tal conflicto ni se nos ha demostrado manifiesto error no podemos declarar que existe el segundo y último motivo del recurso.

En vista de los términos en que ha sido planteado el debate tenemos que confirmar la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.